

CERTIFIED MAIL®

PAULSON & NACE, PLLC
1025 Thomas Jefferson St, NW
Suite 810
Washington, DC 20007

7019 0700 0000 3629 7955

$0.50  US POSTAGE FIRST-CLASS 062S0009527635 20007

$6.80  US POSTAGE FIRST-CLASS 062S0009527635 20007

First Class Mail

C T Corporation System
1015 15th Street NW
Suite 1000
Washington, DC 20005

DEFENDANT'S
EXHIBIT
1

# PAULSON & NACE, PLLC

ATTORNEYS AT LAW

1025 Thomas Jefferson St., NW, Suite 810, Washington, DC 20007

Barry J. Nace (DC, MD, PA, WV)
Christopher T. Nace (DC, FL, GA, MD, WV)
Matthew A. Nace (DC, MD, WV)
Richard S. Paulson (1929 – 1986)

October 10, 2019

***Via Certified Mail***
*7019 0700 0000 3629 7955*
C T Corporation System
1015 15th Street NW
Suite 1000
Washington, DC 20005

   Re:  *Gabbidon v. Stanley Pearlman Enterprises*

Dear Registered Agent:

Please accept the enclosed documents on behalf of defendant Stanley Pearlman Enterprises:

1. Summons;
2. Civil Information Sheet;
3. Complaint;
4. Initial Order and Addendum;
5. Plaintiff's Request for Production of Documents to Defendant Stanley Pearlman Enterprises;
6. Plaintiff's Interrogatories to Defendant Stanley Pearlman Enterprises.

Yours truly,

Breann Watt



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Curtis Gabbidon
_____
                                        Plaintiff

                        vs.                                         Case Number _____

Stanley Pearlman Enterprises, et al.
_____     Defendant
Serve: C T Corporation System
1015 15th St NW, Suite 1000
Washington, DC 20005                    **SUMMONS**
To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

Christopher T. Nace                              *Clerk of the Court*
_____
Name of Plaintiff's Attorney

1025 Thomas Jefferson St., NW. Ste 810          By _____
_____                              Deputy Clerk
Address
Washington DC 20007

202-463-1999                                     Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ከፈለጉ በ(202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                        See reverse side for Spanish translation
                        Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante
contra

                                    Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación, por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____              *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____              Por: _____
Dirección                                            Subsecretario

_____              Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역이 원하시면, (202) 879-4828 로 전화주십시요            የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

Filed
D.C. Superior Court
09/06/2019 16:38PM
Clerk of the Court

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Curtis Gabbidon

vs

Stanley Pearlman Enterprises, et al.

Case Number: 2019 CA 005866 V

Date: September 6, 2019

9/6/2019

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* Christopher T. Nace, Esq. | Relationship to Lawsuit |
|---|---|
| Firm Name: Paulson & Nace, PLLC | [x] Attorney for Plaintiff |
| Telephone No.: 202-463-1999   Six digit Unified Bar No.: 977865 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    [x] 6 Person Jury    ☐ 12 Person Jury

Demand: $ 1,000,000            Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar#: _____

---

## NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS

COLLECTION CASES

| | |
|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation    ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property | Over $25,000 Pltf. Grants Consent    Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation    ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees | Under $25,000 Pltf. Grants Consent    Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only) |

### B. PROPERTY TORTS

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

### C. PERSONAL TORTS

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| [x] 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 23 Tobacco |
| ☐ 08 Fraud | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  - (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  - (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  - Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  - Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  - Judgment [ D.C. Code §
  - 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  - 42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  - [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  - (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

---

**/s/ Christopher T. Nace**

Attorney's Signature

**September 6, 2019**

Date

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

**CURTIS GABBIDON**
1948 Shiloh Valley Trail NW
Kennesaw, GA 30144

Case No. **2019 CA 005866 V**

Plaintiff,

*v.*

**STANLEY PEARLMAN ENTERPRISES**
d/b/a CONGRESSIONAL SEAFOOD
COMPANY
7775 Chesapeake Court
Jessup, MD 20795

Serve: **C T Corporation System**
1015 15th St NW
Suite 1000
Washington, DC 20005

~and~

**DAVID FYE**
7406 Finey Branch Road
Takoma Park, MD 20912

Defendants.

## COMPLAINT

***COMES NOW,*** Plaintiff Curtis Gabbidon, by and through undersigned counsel, and files this complaint, and for this cause of action states:

### JURISDICTION

1.      Jurisdiction of this court is invoked pursuant to D.C. Code §11-921, and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2.      Venue in this court is proper since the cause of action arose in the District of Columbia.

## PARTIES

3.      At all times relevant hereto, Plaintiff Curtis Gabbidon was an adult resident of the State of Georgia.

4.      Upon information and belief, Defendant Stanley Pearlman Enterprises, doing business as Congressional Seafood Company, is a Maryland corporation registered to do business in the District of Columbia (hereinafter referred to as "Congressional Seafood Company").

5.      Upon information and belief, Defendant David Fye, is and at all times relevant hereto was a resident of the State of Maryland, and was operating a truck owned by Congressional Seafood Company in the District of Columbia on the date of the accident, February 28, 2018.

## BACKGROUND

6.      On or about February 28, 2018, Mr. Gabbidon was driving his Chevrolet Camaro southbound in stop and go traffic on I-295, near 740 Kenilworth Avenue NE, Washington, DC 20019.

7.      Defendant Fye, driving a large GMC Sierra truck owned by Congressional Seafood Company, was traveling behind Mr. Gabbidon and was not paying attention to the road ahead, and failed to realize that traffic ahead of him came to a stop.

8.      Defendant Fye slammed into the rear of Mr. Gabbidon's smaller two-door car.

9.      The force of the crash was strong and damaged the rear of Mr. Gabbidon's car, including his impact bar and absorber, indicative of a high-speed collision.

10.     Mr. Gabbidon suffered serious injuries as a result of the force of the crash.

2

## COUNT I
### (Negligence)

11. Each of the preceding paragraphs is incorporated by reference herein.

12. Defendant Congressional Seafood Company, through its agent and/or employee Defendant Fye, had a duty of care to maintain the operation of his motor vehicle in a manner reasonably safe to the public and to abide by the rules of the road.

13. Defendant Fye was negligent in his duties including, but not limited to the following:

    a.    Following too closely;
    b.    Failing to stop his vehicle in a reasonable manner;
    b.    Failing to avoid a collision;
    c.    Negligence per se or as a matter of law; and
    d.    Being otherwise negligent/grossly negligent.

14. As a direct and proximate result of the aforesaid negligence of Defendants Congressional Seafood Company and its agent / employee Mr. Fye, Mr. Gabbidon sustained serious and disabling damage to his body, including but not limited to, severe injuries to his neck and back; he has in the past and will in the future incur medical, healthcare, and other expenses, including but not limited to pain management and physical therapy.

15. Mr. Gabbidon has also suffered and continues to suffer significant emotional distress, as he is unable to enjoy the previously healthy and active lifestyle he maintained prior to the accident.

16. Mr. Gabbidon's life has been traumatically affected and continues to be affected each day as a result of this collision; the nature of his injuries will in all probability cause him to experience further pain for the remainder of his natural life.

17. Defendant Congressional Seafood Company is responsible for the negligence of its agent, Defendant Fye, under a theory of *respondeat superior.*

3

*WHEREFORE,* Plaintiff Curtis Gabbidon demands judgment against Defendants in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00) in damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated: September 6, 2019

Respectfully submitted,

PAULSON & NACE, PLLC

/s/ Christopher T. Nace

Christopher T. Nace, Bar No. 977865
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
ctnace@paulsonandnace.com
*Counsel for Plaintiffs*

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

/s/ Christopher T. Nace

Christopher T. Nace

4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

CURTIS GABBIDON
Vs.                                                      C.A. No.      2019 CA 005866 V
STANLEY PEARLMAN ENTERPRISES et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge WILLIAM M JACKSON
Date:   September 9, 2019
Initial Conference: 9:30 am, Friday, December 13, 2019
Location:   Courtroom 219
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

CURTIS GABBIDON,

Plaintiff,

*v.*

STANLEY PEARLMAN ENTERPRISES, *et al.*,

Defendant.

Case No.  2019 CA 005866 V
Judge: William M. Jackson
Calendar No.: 8
Next Event: Initial Scheduling Conference,
December 13, 2019

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STANLEY PEARLMAN ENTERPRISES

Pursuant to Rule 34 of the District of Columbia Rules of Civil Procedure, Plaintiff hereby requests that Defendant produce and make available for inspection and copying the original and all non-identical copies of the documents described below. The requested documents are to be made available for inspection and copying at PAULSON & NACE, PLLC, 1025 THOMAS JEFFERSON STREET, NW, SUITE 810, WASHINGTON, DC 20007 within thirty days of the date of service, unless otherwise stated by the Superior Court Rules of Civil Procedure.

### INSTRUCTIONS

A.    These requests require supplemental or amended responses to the extent required by the District of Columbia Rules of Civil Procedure. These requests shall be deemed continuing requests for supplemental responses, so as to require additional responses if you obtain further information after the time responses are served and before the time of trial of this action.

B.    With respect to any document that you refuse to produce on the ground of attorney-client privilege, on the ground of privilege for materials prepared in anticipation of litigation or for trial, or on the ground of any other privilege, please state the following:

    a.    the full identity of the document, including the following:

        1.    the date of the document;
        2.    its title (if any);
        3.    its authors, addresses, recipients, or parties;
        4.    the nature of the document (*e.g.*, letter, memorandum, *etc.*);
        5.    the individual or source from whom or from which you obtained it; and

6.     its present location and identity of its custodian;

b.     whether your objection or refusal is directed to the entire document or part thereof;

c.     if your objection or refusal goes to part of the document, specify the specific part(s) of the document to which your objection or refusal is directed;

d.     the specific factual basis which gives rise to the objection or refusal; and

e.     the specific legal ground on which the objection or refusal is based.

C.     For the purposes of these requests, the term "document" is used herein in the broadest sense permissible under the District of Columbia Rules of Civil Procedure, and includes the original (or, if the information called for cannot be provided or referred to as the original, then each and every non-identical copy thereof) of any and all writing, graphic matter, or other medium upon which intelligence or information can be recorded or from which he same can be retrieved, and in addition, financial records, corporate records, correspondence (as herein before defined), reports, notes, interoffice and intra-office communications, circulars, announcements, directories, declarations, filings, memoranda, agreements, contracts, legal instruments, studies, work papers, records, instructions, specifications, designs, design drawings, sketches, pictures, photographs, photocopies, charts, graphs, design calculations, curves, descriptions, accounts, journals, ledgers, bills, invoices, check, receipts and the like, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, sound recordings and any other retrievable data (whether encoded, taped, punched, or coded electrostatically, electromagnetically, on computer or otherwise), in the possession, custody or control of defendant or known to defendant(s) wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, or otherwise) and whether a draft or a final version.

D.     The meaning of "relating to" as used herein includes, but is not limited to, referring to, reflecting, bearing upon, pertaining to, being relevant to, and connected with the matter set forth.

E.     The term "person(s)" includes a natural person, firm, association, partnership, business, trust, corporation or public entity.

F.     The word "you" or "your" means defendant and/or all past or present officers, directors, employees, agents, representatives, general partners, attorneys, or other persons acting or purporting to act for, on behalf of, or with defendant. "You" or "your" also means any affiliate, parent, or subsidiary of defendant.

G.     The word "Defendant" means defendant and/or all past or present officers, directors, employees, agents, representatives, general partners, attorneys, or other persons acting or purporting to act for, on behalf of, or with defendant. "Defendant" also means any affiliate, parent, or subsidiary of Defendant.

## REQUESTS FOR DOCUMENTS

1.    All records and documents obtained by you pursuant to any authorization, subpoena or notice of deposition duces tecum issued in this matter.

2.    Produce a copy of the curriculum vitae of any expert witness you expect to call at the trial of this action.

3.    Produce a copy of all reports, letters, or summaries rendered to you or on your behalf from anyone whom you intend to have testify at trial.

4.    All photographs, drawings, sketches, x-rays and other images of any kind taken of Plaintiff before, during and after the incident that is the subject of the Complaint.

5.    Copies of any and all correspondence sent to you by Plaintiff.

6.    Copies of any and all correspondence sent to Plaintiff by you.

7.    Copies of any and all correspondence between you and any physician, medical institution, or Defendant regarding Plaintiff.

8.    Copies of any and all other statements allegedly signed (if written) or allegedly given (if oral) by any other person known, believed, or alleged to be a witness to the occurrences alleged in the Complaint or to have knowledge of other discoverable facts or information pertinent to this litigation.

9.    Any and all documents concerning in any way the relationship between yourself and your insurance company.

10.    Any and all police reports pertaining to the subject of the Complaint.

11.    Any and all reconstructionist reports rendered pertaining to the subject of the Complaint.

12.    All insurance policies that cover or may cover this defendant for liability in the vehicle collision that is the subject matter of this action, including excess liability policies.

13.    All insurance policies that cover or may cover this defendant for the payment of any benefit, including medical expense and wage loss, to Plaintiff.

14.    All documents that evidence the priority of insurance payments in this case.

15.    Any pictures, still or motion, taken of the vehicles involved in this collision.

16.    Any pictures, still or motion, taken of the scene of this collision.

17.    All other photographs, charts or other physical evidence in the possession of or known to this defendant pertaining to the subject vehicle collision or the consequences of the collision.

18.    Any and all statements taken from any eyewitnesses to the collision.

19.   Any and all statements taken from any person (not an eyewitness) having any knowledge of the events leading up to or concerning the collision or any damages or injuries claimed by Plaintiff.

20.   Any and all statements taken from you or Plaintiff.

21.   Any and all repair bills or estimates of repair concerning the damages caused to the Toyota Prius by the collision which gives rise to this litigation.

22.   Any transcripts of any court proceedings pertaining to the collision giving rise to this lawsuit.

23.   All documents or records of any nature pertaining to any surveillance or observations of Plaintiff.

24.   All other tangible evidence in the possession of or known to this defendant pertaining to the vehicle collision that is the subject matter of this action or the consequences of the collision.

25.   All documents and things that support any affirmative defense listed in this defendant's answer to Plaintiff's Complaint.

26.   All documents and things that support or were referred to in any way in this defendant's answer to Plaintiff's interrogatories.

27.   Any and all documents indicating any relationship between you and any other defendant involved in this action.

Respectfully submitted,

PAULSON & NACE, PLLC

*Christopher T. Nace*

Christopher T. Nace, Bar No. 977865
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
ctnace@paulsonandnace.com
*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2019, I caused a true and exact copy of the foregoing Requests for Production of Documents to be served with the Complaint upon:

C T Corporation System
1015 15th Street NW
Suite 1000
Washington, DC 20005
*Registered Agent for Stanley Pearlman Enterprises*

Christopher T. Nace

5

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CURTIS GABBIDON,

       Plaintiff,

*v.*

STANLEY PEARLMAN ENTERPRISES, *et al.,*

       Defendant.

Case No.  2019 CA 005866 V
Judge: William M. Jackson
Calendar No.: 8
Next Event: Initial Scheduling Conference,
December 13, 2019

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT
### STANLEY PEARLMAN ENTERPRISES

Plaintiff, by and through undersigned counsel and pursuant to Rule 33 of the Superior Court Rules of Civil Procedure, submits these interrogatories to Defendant Stanley Pearlman Enterprises d/b/a Congressional Seafood Company. Plaintiff requests that sworn answers to these interrogatories be served upon Plaintiff's undersigned counsel within thirty days of service, unless otherwise stated by the Superior Court Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

A.    These interrogatories are continuing in nature, up to and during the course of the trial. Information sought by these interrogatories that you obtain after you serve your answers must be disclosed as the Superior Court Rules of Civil Procedure require.

B.    If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempt to secure the unknown information.

C.    The term "person(s)" includes a natural person, firm, association, partnership, business, trust, corporation, or public entity.

D.    The word "you" or "your" means Defendants and/or all past or present officers, directors, employees, agents, representatives, general partners, attorneys, or other persons acting or purporting to act for, on behalf of, or with Defendants. "You" or "your" also means any affiliate, parent, or subsidiary of Defendants.

E.    The word "document(s)" means all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded,

taped, or coded electrostatically, electromagnetically or otherwise), from whatever source derived and however and by whomever, produced, reproduced, disseminated or made; without limiting the generality of the foregoing, the word "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, memoranda, notes of meetings, telegram, telexes, facsimiles, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer programs, information kept in computerized storage, computer printouts, and any other writings or documentary material of any nature whatsoever, whether or not divulged to persons other than you, together with any attachments thereto and enclosures therewith.

F.    The term "identify" when used with respect to a natural person means to state the following: (1) the full name of the person, (2) his or her current business address and telephone number, (3) his or her position, and (4) a description of his or her responsibilities and knowledge of the substance of the question asked.

G.    The term "identify" when used with respect to a person other than a natural person means to state the following: (1) its full name; (2) whether it is a firm, association, business, corporation, partnership, trust, or other entity; (3) the address of its principal place of business; and (4) the subdivision or part of the person most immediately involved with the subject matter of the interrogatory in question.

H.    The term "identify" when used with respect to a document means to state the following: (1) the type of document (e.g., letter, article, photograph, computer printout); (2) its date or approximate date; (3) its author or authors; (4) its recipient or recipients, including those persons who received copies of the document; (5) its general subject matter; and (6) its present location or custodian (or the last known location or custodian), or in lieu thereof, attach a copy of the document.

I.    The term "identify" when used with respect to a communication or a statement means to: (1) state the mode of communication or statement (e.g., by telephone, electronic mail, oral conversation); (2) state its date or approximate date; (3) identify its author or speaker; (4) identify its recipient or recipients; (5) describe its general subject matter; and (6) identify any and all documents memorializing the communication or statement.

J.    The term "identify" when used with respect to a meeting means to: (1) state the location of the meeting; (2) state the date of the meeting; (3) identify who attended the meeting; (4) describe the subject matter of the meeting; and (5) identify any and all documents memorializing the discussions at the meeting.

K.    When an interrogatory requires you to "state" or to "state the basis" of a particular claim, contention, allegation, or defense, identify in your answer each and every verbal communication, meeting, and document that you believe supports, refers to, or evidences such a claim, contention, allegation, or defense, and identify every person having knowledge thereof.

L.    When an interrogatory requires you to "describe" a particular matter, give a detailed account, narration, recitation, and report of the question asked.

2

M.     Defendant Stanley Pearlman Enterprises d/b/a Congressional Seafood Company is hereinafter referred to as SPE.

## INTERROGATORIES

*Please answer the following interrogatories in accordance with the above instructions and definitions:*

1.     State your full name, home and professional address, telephone number, date of birth, marital status, social security number, employer, and employment position.

**ANSWER:**

2.     Do you contend that anyone, whether or not a party to this action, performed any act or failed to perform any act that caused or contributed to any of the injuries suffered by Plaintiff? If so, please identify the acts, omissions, the name of the individuals involved, and state how such acts or omissions caused or contributed to the injuries.

**ANSWER:**

3.     Do you contend that Plaintiff, in any way assumed the risk of any of her acts that you contend caused or contributed to the injury complained of? If so, please identify fully the basis thereof.

**ANSWER:**

4.     Do you contend that any of the injuries or disabilities which Plaintiff claims were caused by the incident were due to a pre-existing medical condition and/or that these injuries were not caused by your actions or inactions, state all the facts upon which you rely. If you make no such contention, so state.

**ANSWER:**

5.     With regard to each affirmative defense which you may rely upon, state in detail the specific facts which form the basis for each such defense; the name, address and telephone number of each witness who has knowledge of facts you intend to rely upon in support of each such defense; and a specific description of each exhibit which contains facts or may be relevant and tend to support and prove each such defense, including the name and address of the current custodian of each such exhibit.

**ANSWER:**

3

6.      Identify by name and address each person other than expert witnesses that you intend to call as witnesses on any question at the trial of this case.

**ANSWER:**

7.      Identify by name and address any expert that you intend to call as a witness and list for each:

(a)     the specialty of said expert;

(b)     the subject matter about which said expert will testify;

(c)     the substance of the facts about which said expert will testify;

(d)     the substance of the opinions that said expert will give;

(e)     the basis for the opinions that said expert will give, including what information, materials, medical records, documents, and discovery said expert reviewed prior to rendering his opinion;

(g)     please attach a copy of any written report provided by each such expert to you or your counsel; and

(h)     attach a copy of a current curriculum vitae for each said witness.

**ANSWER:**

8.      State whether you or your counsel has had any *ex parte* communication or any attempts at *ex parte* communication with any of the treating physicians of Plaintiff. If so, identify the treating physician and state the following:

(a)     Who had the conversation?

(b)     When did the conversation take place?

(c)     Who was present at the conversation?

(d)     The substance of the conversation.

(e)     Whether any opinions were expressed by the physician at the time of the conversation.

(f)     If so, what those opinions were.

4

(g)     Whether the witness will be called to express any opinions of any nature at the time of trial.

**ANSWER:**


9.     Is SPE the owner of the GMC Sierra truck involved in the motor vehicle accident which gives rise to this litigation? If SPE is not the owner, please state who the owner of the vehicle in question is.

**ANSWER:**


10.     Did SPE allow employees or independent contractors to operate their own vehicles for SPE business purposes?

**ANSWER:**


11.     Please identify the driver of the vehicle referenced in Interrogatory #9 and state whether she/he is an employee of SPE, is an independent contractor with SPE, or is otherwise in a business relationship with SPE.

**ANSWER:**


12.     Do you contend that the driver of the vehicle identified in Interrogatory #11 was at all times acting within the scope of her/his business relationship (as an employee, independent contractor, or otherwise) with SPE on February 28, 2018, while driving the GMC Sierra truck that is subject to allegations set forth in the Complaint?

**ANSWER:**


13.     Please state with detail where the driver identified in Interrogatory #11 (hereinafter referred to as "the Driver") was coming from and where she/he was going to at the time of the accident. Please also state the purpose of the trip.

**ANSWER:**


14.     When and where did the Driver become licensed to drive an automobile?

**ANSWER:**

5

15.     Since the Driver has become licensed to drive, has her/his license ever been revoked or suspended? If so, when and under what circumstances?

**ANSWER:**


16.     Please give a detailed report of the Driver's driving record. Included in this report, please identify any and all accidents that she/he has been in while driving a motor vehicle; any and all liability that she/he sustained as a result of said accident(s); any and all speeding tickets and moving violations that she/he has been issued citations for; and any and all final dispositions brought against him/her pertaining to any motor vehicle incident.

**ANSWER:**


17.     Please give a detailed description of the Driver's actions pertaining to the incident in question. Please include in this interrogatory, at a minimum, where she/he was driving to/from, the reason for her/his drive, when she/he left for her/his destination, when she/he was expecting to arrive at her/his final destination, the route she/he was taking to get to her/his destination, what automobile she/he was driving, how and where the accident occurred, what she/he did immediately after the collision, any conversations she/he had with any individuals after the accident, where she/he went after the accident, how she/he left the scene of the accident, when she/he first contacted you and/or a representative of your corporation, when you first became aware of the incident in question, and what steps you took to investigate the incident in question.

**ANSWER:**


18.     Describe any statement, recorded interview, or document made by Plaintiff or any witness to the occurrence that you or your attorneys know about or have in your possession or under your control.

**ANSWER:**


19.     Describe any photograph, motion picture, videotape or other diagram or description of the location of the happening of the occurrence, of the vehicles involved, or of the parties which is in your possession, to which you have access or of which you have knowledge. List each such item describing its subject matter, the date or dates upon which they were taken, by whom they were taken and the identity of the person who now has custody or possession thereof.

**ANSWER:**

6

20.     Identify by name, address, and telephone number any persons not heretofore mentioned having knowledge of facts material to this case, including any passengers in your vehicle, and state each such material fact.

**ANSWER:**


21.     If you contend that any of the medical bills incurred by Plaintiff subsequent to the collision and claimed herein as damages are not authentic, were not reasonably incurred, are not reasonable in amount, were not medically necessary, or were/are not rendered necessary by a medical condition proximately resulting from the subject collision, please describe in complete detail the basis for this contention, identify all persons having knowledge of any facts which support such contention, and identify all documents which in any way support such contention.

**ANSWER:**


22.     Identify all exhibits you intend to introduce at the trial of this matter, and attach a copy of each exhibit to your answers.

**ANSWER:**


23.     With regard to the accident referenced in Plaintiff's Complaint, identify each policy of insurance which might afford liability coverage to you, including all automobile policies insuring the vehicle owned, operated or controlled by you, all policies under which you are an additional insured as a relative, member of a household or otherwise; and any excess, umbrella, or other policies. For each policy listed, state the name and address of the named insured and of the insurance company, the policy number, the policy period, and the limits of liability coverage for personal injuries and property damage, and whether question or doubt exists as to your rights under the policy (reservation of rights asserted, non-waiver agreement, etc.).

**ANSWER:**


24.     Please identify any and all background checks and policies and procedures implemented at the time you hired the Driver and any subsequent policies and/or procedures in place utilized to ascertain the Driver's ability to properly, legally, and effectively perform the duties required of him including his ability to operate a motor vehicle. For any such background checks or subsequent employment reviews identified, please provide any and all such documentation.

**ANSWER:**

7

25.     If you are or were aware of whether the Driver had ever been convicted of a felony or crime involving moral turpitude, please state the nature of the offense, the date thereof, the disposition thereof, the court or courts hearing the matter.

**ANSWER:**


26.     Identify the owner and operator/driver of the vehicle involved in the collision. If you were not the owner, please indicate whether you were operating/driving the vehicle with the owner's permission and, if so, the date and place where such permission was given.

**ANSWER:**


27.     What is the relationship between Stanley Pearlman Enterprises and Congressional Seafood Company? Are both businesses licensed to operate in the District of Columbia?

**ANSWER:**


Respectfully submitted,

PAULSON & NACE, PLLC

*Christopher T Nace*

Christopher T. Nace, Bar No. 977865
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
ctnace@paulsonandnace.com
*Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2019, I caused a true and exact copy of the foregoing Interrogatories to be served with the Complaint upon:

C T Corporation System
1015 15th Street NW
Suite 1000
Washington, DC 20005
*Registered Agent for Stanley Pearlman Enterprises*

Christopher T. Nace

9